IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GORDON HOUSE,

                Petitioner,

vs.                                                No. CIV 00-590 JC/LFG

ERASMO BRAVO, Warden,
ROBERT PERRY, New Mexico
Secretary of Corrections, and
PATRICIA MADRID, New Mexico
Attorney General,

                Respondents.


## RECOMMENDED DISPOSITION ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION FOR A STAY[1]

        THIS MATTER before the Court is a habeas corpus proceeding under 28 U.S.C. § 2254.

Petitioner Gordon House ("House") seeks to stay proceedings (Motion to Stay Proceedings [Doc.

15]), and Respondents seek to dismiss the petition (Motion to Dismiss [Doc. 18]).  This matter was

referred to the undersigned Magistrate Judge for recommendation on dispositive motions.  For the

reasons given below, the Court recommends that the Motion to Dismiss be granted without prejudice,

and the Motion to Stay be Denied.

---

       [1]Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the recommendation.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the recommended disposition.  If no objections are filed, no appellate review will be allowed.

## Background[2]

On Christmas Eve 1992, Paul Cravens, his spouse Melanie, and their three young daughters, Kaycee, Erin and Kandyce, drove just outside the city limits of Albuquerque to see the city's Christmas lights from "nine mile hill."  The Cravens' vehicle was heading west on Interstate 40.  Gordon House had been drinking for several hours, and prior to getting into his vehicle, he had consumed numerous beers.  He was disoriented and entered Interstate Highway 40 going in the wrong direction, eastbound on a westbound lane.

House was driving at high speed and forced several other oncoming vehicles to take evasive action to avoid a collision.  An eastbound New Mexico State Police officer saw the House vehicle speeding in the wrong traffic lane and paced House, trying to get his attention with red lights, siren and a spotlight directed at House's vehicle.  At one point, House looked at the policeman and accelerated to speeds exceeding 85 miles per hour.

House smashed head on into the Cravens' vehicle.  Melanie Cravens and her three young daughters were killed; Paul Cravens sustained extensive and severe injuries.  House's blood alcohol concentration, measured at the hospital, was **.18%**, more than twice New Mexico's **.08%** presumptive intoxication level.  N.M.S.A. (1978) § 66-8-102(C).  More than five hours later, a second test showed a blood-alcohol concentration of more than **.10%**.  This horrific incident engendered widespread publicity in New Mexico and indeed nationwide.  House was charged with homicide by vehicle, driving while intoxicated (DWI), and reckless driving.

Upon stipulation of the parties, venue was changed from Bernalillo County to Taos County.  House's first trial ended in June 1994 with his conviction on DWI charges.  The jury was unable to

---

[2]The factual predicate is drawn from <u>State v. House</u>, 127 N.M. 151, 978 P.2d 967 (1999).

reach verdicts on the homicide counts.  A second trial was held in November 1994, also in Taos County; again, the jury was unable to reach a verdict on the homicide charges.  The State thereupon moved for a change of venue under N.M.S.A. (1978) § 38-3-3, due to pervasive pretrial publicity. The motion was granted, and a third trial was held in Doña Ana County in May 1995.  This trial ended in a guilty verdict on all remaining counts.  House was sentenced to 25 years' incarceration, in a judgment and sentence entered July 24, 1995.

House filed an appeal, and New Mexico's intermediate appellate court reversed.  State v. House, 124 N.M. 564, 953 P.2d 737 (Ct. App. 1997).  On certiorari, however, the Court of Appeals' decision was reversed, and the New Mexico Supreme Court affirmed the trial court's determination. State v. House, 127 N.M. 151, 978 P.2d 967 (1999).  On October 4, 1999, the United States Supreme Court denied certiorari.  Meanwhile, the case was sent back for resentencing due to an intervening change in New Mexico law affecting House's sentence.  On April 6, 1999, he was resentenced under the new standard to an identical period of incarceration as his first sentence.  He appealed that sentence.  House's appeal was pending at the time he filed his federal habeas petition, but the sentence was affirmed by the New Mexico Court of Appeals on January 4, 2001.  House has further appeal options with regard to this ruling; in addition, he has post-conviction proceedings pending in state court, raising issues related to the resentencing.

House filed this federal habeas petition on April 26, 2000, raising issues having to do with his original conviction.  The Court entered an order in this proceeding, setting a briefing schedule and asking the parties to advise the Court which portions of the extensive state court record would be necessary for purposes of deciding the petition, and whether an evidentiary hearing would be necessary.  After obtaining one extension of time for briefing, House filed a motion to stay these

proceedings pending resolution of his state habeas petition, which he says raises federal constitutional claims related to the resentencing.

House argues that the issues raised in the state habeas proceeding, although distinct from those raised herein, are nevertheless interrelated and it would be best to consider them in one proceeding.  He states further that he filed this petition in spite of the fact that he is engaged in an ongoing state habeas proceeding, in order to avoid any possible statute of limitations problem under AEDPA, 28 U.S.C. § 2244(d)(1).  In addition, he argues that he would face "second and successive petition" problems under 28 U.S.C. § 2244(b) if this petition is dismissed rather than stayed.

Respondent opposes the motion for a stay and has filed a motion to dismiss the petition, without prejudice.  Respondent argues that this petition should be dismissed because it raises unexhausted claims, in that House is currently engaged in three state court proceedings:  the direct appeal of his resentencing, a motion to modify sentence, and a state habeas petition.   Respondent also argues that, should House decide to file a federal habeas petition after the state proceedings are completed, he would not face a "second or successive petition" bar, under the Supreme Court's recent ruling in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000).

### Discussion

A.  Statute of Limitations

Respondent is correct that House filed this habeas petition prematurely, and for that reason, the petition should be dismissed without prejudice.  Under the authority discussed below, the statute of limitations has not even begun to accrue on the conviction-related claims asserted herein and will not expire until a year after resolution of the sentence-related claims, which are still proceeding through the state courts.   House's concerns about limitations difficulties are unfounded.

In <u>Burris v. Parke</u>, 95 F.3d 465 (7th Cir. 1996), the petitioner filed a federal habeas petition attacking only his conviction, while his death sentence was on appeal in the state court.  He later attempted to file a second petition, attacking the sentence.  The Seventh Circuit held that petitioner could not "split his federal collateral attack in two" in this manner, since "guilt and sentencing are successive phases of the same case, rather than different cases.  Guilt issues and sentencing issues often overlap . . .." <u>Id.</u>, at 467.  The court continued:

> We reject the suggestion that the new one-year statute of limitations . . . [of] 28 U.S.C.  2244(d) requires the bifurcated procedure.  With immaterial qualifications the year runs from 'the date on which the judgment became final by the conclusion of direct review,' and ***we take 'judgment' to refer to the sentence rather than to the conviction*** . . .   The federal meaning of 'judgment' is the standard one and has the advantage of ruling out a procedure – the bifurcated procedure for which Burris argues – that would disserve the statutory objectives [emphasis added].

<u>Id.</u>, at 467-68.  *See also*, <u>Hepburn v. Moore</u>, 215 F.3d 1208, 1209 (11th Cir. 2000) ("The plain meaning of the statute supports the conclusion that the statute of limitations runs from the date of the resentencing judgment and not the date of the original judgment").

Although the Tenth Circuit has not addressed this issue, the Court finds the Seventh Circuit's reasoning persuasive and therefore rejects House's limitations concern as a reason for staying, rather than dismissing, the petition.  The Court agrees that all interrelated claims should be presented together in one petition; however, the Court rejects House's argument that he will face a statute of limitations problem should he decide later to bring a federal habeas petition challenging both the conviction and the resentencing.

B. <u>Second or Successive Petition</u>

House further reasons that the petition should be stayed rather than dismissed, because if it

is dismissed without prejudice and if he thereafter wishes to file a new petition after the sentencing issues have made their way through the state courts, he will face the possibility of being thwarted by the "second or successive petition" provision of AEDPA.  Again, House's argument lacks legal support.  A habeas petition dismissed as "premature" does not constitute an adjudication of petitioner's claim; therefore, a second petition, filed when ripe, is not a "second or successive" petition and does not trigger the substantive and procedural requirements of 28 U.S.C. § 2244(b)(2) for filing a successive petition.  Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S. Ct. 1618 (1998).

In Slack v. McDaniel, *supra*, the Court extended this reasoning to petitions dismissed without prejudice for failure to exhaust state remedies:  "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."  The Court noted that the case under review was governed by pre-AEDPA law but stated also, "we do not suggest the definition of second or successive would be different under AEDPA."

The Tenth Circuit followed Stewart v. Martinez-Villareal in a case under 28 U.S.C. § 2255, Haro-Arteaga v. United States, 199 F.3d 1195, 1197 (10th Cir. 1999).  Petitioner in that case had filed two previous § 2255 motions but voluntarily withdrew both of them before they had been reviewed on the merits.  In holding that a third motion was not "second or successive" under AEDPA, the court quoted with approval from a Seventh Circuit case: "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits.  The district court must have engaged in substantive review."  As did the Supreme Court, the Tenth Circuit also cited pre-AEDPA authority, including McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997), which held that a § 2254 petition, filed after a prior petition was dismissed without prejudice for

failure to exhaust state remedies, is not a "second or successive" petition. *And see*, <u>United States v. Jackson</u>, 153 F.3d 729 (Table, text in Westlaw), No. 97-5178, 1998 WL 438638 (10th Cir. July 14, 1998), holding that an earlier § 2255 motion should not be counted as a prior petition for purposes of the "second or successive" provision of AEDPA, since it was filed before disposition of petitioner's direct appeal and was not resolved on the merits. Thus, the Court sees no future "second or successive petition" problems for House, if the motion to dismiss without prejudice is granted.

      C.  <u>Court's Discretion to Deny Motion to Stay Proceedings</u>

      Finally, House argues that this Court does not have discretion to deny his motion for a stay, but rather is compelled to grant it under <u>Fetterly v. Paskett</u>, 997 F.2d 1295 (9th Cir. 1993). Aside from the fact that <u>Fetterly</u> is not binding authority in this circuit, the case is distinguishable. <u>Fetterly</u> involved a situation where a federal habeas petition had already been filed, when petitioner's second counsel discovered new constitutional claims unrecognized by original counsel. The new claims were presented to the state court, and counsel simultaneously sought a stay of the federal habeas proceedings so that all claims could be included together in the federal petition, once the new claims had made their way through the state courts. The Ninth Circuit held that the district court abused its discretion in rejecting the motion for a stay pending exhaustion of the newly discovered issues, "as a prelude to filing a unitary amended petition in federal district court." <u>Id.</u>, at 1299.

      The present case does not involve issues which were unnoticed by counsel until after the first petition was filed, but rather issues which cannot be presented until the resentencing process has run its course through the state courts. As noted above, the issues originally set forth in this petition, those related to House's conviction, can be presented along with the resentencing issues at the appropriate time, as the statute of limitations does not begin to run on any of these issues until the

new sentence becomes final.  Thus, the concern expressed in <u>Fetterly</u>, that the habeas petition be "unitary" and include all issues in one petition,  will not be frustrated by dismissing this petition under the circumstances presented.

### <u>Recommended Disposition</u>

That Petitioner's Motion to Stay Proceedings [Doc. 15] be denied, and that Respondent's Motion to Dismiss [Doc. 18] be granted and the petition be dismissed without prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge